## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Carl L. Thomas

December 5, 1994

Case No. (Criminal) 83225

BY JUDGE MICHAEL P. MCWEENY

The matter came before the Court on the Defendant's Motion to Dismiss the indictment upon a plea of double jeopardy under the Fifth Amendment of the United States Constitution. The motion is denied for the reasons set forth below.

The evidence has now been produced that Mr. Thomas entered a plea of guilty to the misdemeanor charge of theft under Article 27, § 342, of the Annotated Code of Maryland. He was convicted in the District Court of Maryland for Prince George's County. It is stipulated by the Commonwealth that this charge involves the same property as that referred to in the indictment in the case at bar. Review of Article 27, § 342, indicates that it is an offense which would meet the *Blockburger* test.

Although there is no Virginia case directly on point, the "Dual Sovereignty" Doctrine is well established. In *Heath v. Alabama*, 474 U.S. 82, 106 S. Ct. 433, 88 L. Ed. 2d 387 (1985), the United States Supreme Court held that successive prosecutions of a defendant for the same conduct were not barred by the double jeopardy clause of the Fifth Amendment where they are conducted in different states. The reasoning is that conduct which "violates the 'peace and dignity' of two sovereigns by breaking the laws of each" constitute "two distinct 'offenses'." *Id.* 106 S. Ct. 433, 437.

Maryland has recognized the doctrine in the case of *Gillis v. State*, 633 A.2d 888 (Md. 1993). In that case the defendant was prosecuted for murder of the same victim, despite acquittal of the charge of murder in Delaware. As the body was discovered in Maryland, the Court held that the

282

Dual Sovereignty Doctrine applied as Maryland had not been afforded the opportunity to determine if the defendant violated its criminal law. *Id.* 892.

The Court finds the Dual Sovereign Doctrine to be applicable in the case at bar. The Motion to Dismiss is denied.